**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT, OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **CECILIA BABARSKY** : | |
| On behalf of herself and All Other | |
| Similarly Situated Employees of Thai on : | |
| High, LLC dba Nida's Thai on High | CASE NO. 2:20-cv-2477 |
| : | |
| **Plaintiffs** | JUDGE _____ |
| : | |
| vs. | **COMPLAINT FOR UNPAID WAGES** |
| : | **AND OVERTIME** |
| **THAI ON HIGH, LLC** | |
| dba Nida's Thai on High : | |
| | |
| **And,** : | |
| | |
| **JOHN DOE** : | |
| Name and Address Unknown | |
| | |
| : | |
| **Defendants.** | |
| : | |
| | |
| : | |

Now come Plaintiff, and for her Complaint against the Defendants listed in the above-caption state as follows:

<u>INTRODUCTION</u>

l. This lawsuit involves an employer that is subject to federal, state and local laws concerning the payment of wages and recordation of hours worked, but which failed to adhere to any state or federal law regarding the proper documentation, pay or distribution of wages to its entire workforce. This is a "collective action" instituted by Plaintiff on behalf of herself and other similarly-situated current and former employees of Defendant, to recover unpaid minimum wages, overtime compensation, liquidated damages, attorney fees, and costs under the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. §216 (b). (FLSA). Plaintiff has consented in writing

1

to be a part of this action pursuant to 29 USC §216(b), as evidenced by the signed Consent Form attached hereto as Exh. A. Plaintiffs seek appropriate monetary, declaratory and injunctive relief based on Defendant's willful failure to compensate employees with sufficient minimum wage and overtime pay as required under the FLSA, the Ohio Minimum Wage Act, O.R.C. Sections 4111.01, et seq. and Ohio common law. Plaintiffs' allegations as to their own acts are based on personal knowledge and other allegations are made on information and belief. Collective actions are substantially similar to class actions, but require individuals to "opt-in" to the litigation. Notice should be sent to the FLSA Collective as there are numerous individuals working for Defendants who suffered from the acts alleged herein and who would benefit from the issuance of Court-supervised notice of this lawsuit with an opportunity to join. Those similarly situation persons who comprise or make up the FLSA Collective are known to the Defendants and should, upon information and belief, be identifiable in the records of one or more Defendants.

## PARTIES

2. At all times pertinent herein, Plaintiff Ceclia Babarsky is a resident of Columbus, Ohio and employed as a server by Defendant THAI ON HIGH, LLC, An Ohio, For-Profit Limited Liability Company doing business as Nida's Thai on High, a restaurant located at 976 N High St, Columbus, OH 43201 (hereinafter "Nida's"), where Plaintiffs and those similarly situated are or have been employed and/or where Defendants are located and/or do business.

3. Plaintiff and those similarly situated are all employees within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e) and Ohio statutory law R.C. §4111.03(D)(3). Plaintiff was not exempt from the minimum wage and overtime requirements imposed by federal and state law, as described herein. Plaintiff at all times relevant has been a non-exempt hourly employee of Defendants. The wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the

2

supporting federal regulations, apply to Defendants and protect Plaintiff. Defendants are employers within the meaning of R.C. §4111.03(D)(2).

4. Defendant John Doe is a person, organization, corporation, partnership, company or other entity with the capacity to sue or be sued, whose conduct, contributive conduct or participation in a conspiracy to commit unlawful conduct legally inculpates it, whether individually, jointly or otherwise with Nida's, and which conduct/participation is similar or substantially similar to that of Nida's. Defendant Doe's identity is unknown and remains such presently in the exercise of reasonable diligence, and Doe's whereabouts similarly cannot be reasonably ascertained. Upon ascertaining the identity, whereabouts and particular facts concerning Doe, this Complaint shall be amended.

5. Defendants' unlawful conduct, as described in this complaint, has been willful and intentional. Defendant was aware or should have been aware that the practices described herein were unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to compensation of Plaintiff or those similarly situated to her.

6. Because Defendants' violations of the FLSA has been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 et seq.

7. Plaintiff brings this action individually and on behalf of similarly situation current and former employees of Defendants and pursuant to 29 U.S.C. Section 216(b) as a representative action on behalf of the following opt-in class:

- All current or former employees of Defendants whose work hours were not accurately recorded and properly paid, including but not limited to those whose remuneration for labor consisted primarily of a portion of tips allegedly received for meals and service at Nida's Thai on High, 976 N High St, Columbus, OH 43201, whose remuneration was paid daily in cash; and, who did not receive

       paycheck deposits reflecting for work hours paid in accordance with federal and Ohio minimum wage statutes.

## JURISDICTION AND VENUE

8. Jurisdiction over Count I is conferred upon this Court by Section 16 (b) of the FLSA, 29 U.S.C. §216(b), and by the provisions of 28 U.S.C. §§ 1331 and/or 1337 relating to any civil action or proceeding arising under any Act of Congress regulating commerce.

9. Supplemental jurisdiction over Plaintiffs' claim based on the Ohio Minimum Wage Act claim as set forth in Count II and for breach of contract, as set forth in Counts III, respectively, is conferred on this Court by the provisions of 28 U.S.C. § 1367.

10. Venue is properly laid in the Southern District of Ohio, Eastern Division, because Defendant is engaged in business in Franklin County, Ohio and the claims arose here.

## FLSA JURISDICTIONAL ALLEGATIONS

11. Plaintiff and those similarly situated are all employees within the meaning of Section 23(e) of the FLSA, 29 U.S.C. Section 203(e). Plaintiff is a covered employee within the meaning of the FLSA, and Ohio statutory law.

12. Defendant Nida's is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. Section 203(d). In connection with the operation of the restaurant, food, supplies, equipment and other goods are shipped to Defendant via interstate commerce. During the respective periods of their employment by Defendant, Plaintiff and those similarly situated were engaged in handling, selling or otherwise working on goods that were moved in or produced for interstate commerce and customers engaged in interstate commerce. By reason of these activities, the Plaintiff and those similarly situated, are or were engaged in commerce and in the production of goods for commerce, within the meaning of §3 (s) of the FLSA, 29 U.S.C. §203(s). By virtue

of its operations, Defendant is an enterprise engaged in commerce or in the production of goods for commerce, as defined in §3(s) of the FLSA, 29 U.S.C. §203(s).

13. Defendants are subject to compliance with the overtime requirements and minimum wage requirements contained in the federal Fair Labor Standards Act ("FLSA") and Ohio Revised Code § 4111.01, *et seq.*

14. Upon information and belief, at all relevant times, Defendants employed over four individuals.

15. At all relevant times, Defendants have maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll and other employment practices that applied to her.

16. At all times relevant hereto, Defendants were primarily responsible for setting the compensation to be paid to employees at Nida's, including Plaintiff, and for establishing and maintaining the company's payroll policies.

17. Defendants, and each of them, are a covered employer within the meaning of the FLSA, and Ohio law, and, at all times relevant, employed Plaintiff.

18. At all relevant times, Plaintiff has been employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 et seq., and/or has been engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 et seq.

19. At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce and/or in the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §203. At all relevant times, Defendants have employed "employee[s]," including Plaintiff.

**COUNT ONE: FAIR LABOR STANDARDS ACT VIOLATIONS**

20. Plaintiff realleges each and every allegation set forth above.

21. Since at least March 2017, Defendant has engaged in a pattern and practice of failing to pay employees the statutory minimum wage and of failing to pay required overtime by conduct including but not limited to the following:

    (a) Unilaterally deducting for "rules" violations remuneration from the wages and tips worked by employees of the Defendant.

    (b) Failing to properly pay any hourly wages

    (c) Running an illegal "tip pool"

    (d) Illegally retaining employees' tips

    (e) Improperly claiming "tip credit" toward employees' wages.

    (f) Failing to maintain records of the hours worked by Plaintiff and their other staff at Nida's, as mandated by federal and state law.

22. By the above and other acts and conduct Defendant repeatedly have violated and are now violating the provisions of §§3, 6, and/or 5(a)(2) of the FLSA.

23. By the acts and conduct described above Defendant repeatedly has violated and is now violating the provisions of 29 U.S.C. §§206 and 215(a)(1) and/or (2).

24. The records concerning the number of hours Plaintiffs were required to work and for which Plaintiffs have not been compensated have, upon information and belief, not been kept at all. If such records have been kept, they are in the exclusive possession and control of Defendant.

25. The above described pattern and practice of willful systemic violation of the FLSA complained of by Plaintiffs have similarly affected other employees so that such employees are common and typical to each other.

26. Defendant's violations have been willful and/or in willful and reckless disregard of Plaintiffs' rights and entitle Plaintiffs and all other similarly situated employees to liquidated damages.

## COUNT TWO: VIOLATIONS OF THE OHIO MINIMUM WAGE ACT

27. Plaintiff realleges each and every allegation set forth above.

28. The Ohio Minimum Wage Act ("OMWA) requires an employer to pay each of his employees a minimum wage under O.R.C. Section 4111.02(A), which Plaintiff and those similarly situated did not receive and for which willfully or recklessly deprivations by Nida's should be held liable for liquidated and punitive damages.

## COUNT THREE: BREACH OF CONTRACT - WAGES EARNED AND NOT PAID

29. Plaintiff realleges each and every allegation set forth above.

30. As part of the employment contract between Plaintiff and Defendant, Defendant agreed to pay Plaintiffs a specified hourly rate for all hours worked.

31. Plaintiff performed services for Defendant but were not paid for all hours worked.

32. Defendant's failure to pay Plaintiff for all hours worked constitutes a breach of the employment contract.

33. As a result of the Defendant's breach, Plaintiff has suffered damages in the form of unpaid wages and are entitled to judgment in the amount of wages earned but not paid by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all those similarly situated respectfully request that this Court grant them and the class she represents judgment as follows:

I.  An Order permitting this litigation to proceed as a representative/collective action and designating this matter as a collective action on behalf of Plaintiff and/or those similarly situated, with prompt issuance of notice pursuant to 29 USC §216(b) to all those similarly-situated to Plaintiff apprising them of the pendency of this action and permitting them to opt-in under 29 U.S.C. Section 216(b) to assert timely FLSA claims in this action by filing individual consent

forms; and permitting leave of court to amend the Complaint to add such persons as parties, along with any additional claims such parties may have;

II. A finding that Plaintiff and the FLSA Collective are non-exempt employees subject to protection under FLSA;

III. Judgment against Defendants in the amounts respectively due Plaintiff and other similarly situated employees/FLSA Collective of Defendants for minimum wages, tip theft, improper tip pooling and/or crediting, unpaid wages, liquidated damages, interest, and costs under the provisions of the Fair Labor Standards Act and the Ohio Minimum Wage Act;

IV. An injunction prohibiting Defendant from engaging in future FLSA and OMWA violations.

V. Award to Plaintiffs the costs and reasonable attorney fees for the prosecution of this action;

VI. Award pre-judgment and post-judgment interest on all damages

VII. Award to Plaintiffs all damages resulting from Defendant's breach of contract; and

VIII. All other and further relief to which she may be entitled and as this Court deems just and proper, at law and in equity.

        Respectfully submitted,

        *s/ Eric B Hershberger*
        **ERIC B. HERSHBERGER (0055569)**
        **FAZEEL S. KHAN (0078875)**
        Haynes Kessler Myers & Postalakis, Incorporated
        300 W. Wilson Bridge Road, Suite 100
        Worthington, Ohio 43085
        Tel: (614) 764-0681; Fax: (614) 764-0774
        Email: eric@ohiolawyersgroup.com
              fazeel@ohiolawyersgroup.com
        *Attorneys for Plaintiff*

Date: **May 15, 2020**